# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID LEE DENSON,

                Petitioner,      :            Case No. 1:24-cv-00434

    - vs -                            District Judge Jeffery P. Hopkins
                                        Magistrate Judge Michael R. Merz

SHELBIE SMITH WARDEN,
  Belmont Correctional Institution,

                                    :
               Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner David Denson to obtain relief from his conviction for gross sexual imposition in the Common Pleas Court of Hamilton County, Ohio (Petition, ECF No. 1-1). The case is ripe for decision on the Petition, the State Court Record (ECF No. 7), and the Return of Writ (ECF No. 8). As required by Rule 5 of the Rules Governing Habeas Corpus Proceedings, Magistrate Judge Litkovitz set a date for Petitioner to file a reply to the return of writ for twenty-one days after the Return was filed (Order, ECF No. 3). That date was January 6, 2025. That time has expired and Petitioner had not filed a reply.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 9).

**Litigation History**

On August 28, 2020, a Hamilton County Grand Jury indicted Denson on one count of gross sexual imposition on a victim younger than 13 years old (Indictment, State Court Record, ECF No. 7, Ex. 1). After a jury trial, Petitioner was found guilty as charged and sentenced to the imprisonment term he is now serving. *Id.* at Ex. 7. Through new counsel, he timely appealed to the First District Court of Appeals which affirmed. *State v. Denson*, 2023-Ohio-847 (Ohio App. 1st Dist., Mar. 17, 2023). Denson did not appeal to the Supreme Court of Ohio until January 24, 2024 (Notice of Appeal, State Court Record, ECF No. 7, Ex. 15). Even though he was more than eight months late, the Ohio Supreme Court granted a delayed appeal and set a deadline for the memorandum in support of jurisdiction of April 18, 2024. *Id.* at Ex. 17. When he failed to file by that date, the Ohio Supreme Court dismissed his appeal. *Id.* at Ex. 18.

Denson filed his Petition in this Court on August 24, 2024 (ECF No. 1-1). He pleads the following two grounds for relief:

> The following state court's decisions are contrary to, or involved an unreasonable application of clearly established federal law, as determined by the supreme court of the united states pursuant to 28 U.S.C. 2254(d)(1); and was based on an unreasonable determination of the facts in light of the evidence. to wit:
>
> 1. The trial court erred by permitting the state to exercise a peremptory challenge to strike a prospective juror on the basis of his race, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
>
> **Factual Grounds**: At trial, the prosecutor told the trial court that he removed juror 22 because he seemed somewhat hesitant to convict based on testimonial evidence alone. This is a race-neutral explanation. Denson argues that the state's race-neutral explanation was a pretext to strike an African-American juror who expressed support of Denson because of their shared race. The trial court errs when it accepts the state's purportedly race-neutral explanation for

2

the exercise of a peremptory to strike an African-American from the jury pool where race-neutral explanation is a pretext for racial discrimination;

2. The trial court deprived him of due process by allowing testimony from three witnesses that supported the veracity of the child witness.

**Factual Grounds:** the trial court deprived him of due process by allowing testimony from three witnesses that supported the veracity of the child witness. specifically, denson argues that the testimony of great-aunt, mother, and jones improperly bolstered the victim's credibility. the trial court errs when it permits witnesses to invade the province of the jury and testify as to the credibility of another witness;

(Petition, ECF No. 1-1). In the same portion of his Petition where he pleaded these grounds for relief, he also pleaded cause and prejudice to excuse his failure to timely file the memorandum in support of jurisdiction in the Ohio Supreme Court:

Petition (sic) has established cause and prejudice for his failure to prosecute his appeal to the Ohio Supreme Court by not filing timely memorandum in support of jurisdiction.

**Factual Grounds:** Petitioner was unable to file timely Memorandum in Support of jurisdiction to the Ohio Supreme Court due to his placement in segregation where he was deprived of adequate opportunity to conduct research, drafting of his memorandum, and lacking funds for copies, envelopes, and postage. Petitioner further asserts that a Manifest injustice would occur due to the fact that it is clear that the State Court committed plain and structural error, denied due process right to fair trial and appeal, and the constitutional error has resulted in the conviction of one whom (sic) is actually innocent.

*Id.* at PageID 13.

Respondent asserts Denson's grounds for relief are procedurally defaulted and without merit.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

3

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). The *Maupin* jurisprudence is applied below with respect to each potential area of procedural default.

# Analysis

**Ground One:  Racially Discriminatory Exercise of Peremptory Challenge**

In his First Ground for Relief, Petitioner asserts he was denied his right to equal protection under the Fourteenth Amendment when the State exercised a peremptory challenge to excuse Juror No. 22.  Denson presented this as his first assignment of error on direct appeal and the First District decided it as follows:

> {¶12} In his first assignment of error, Denson contends that the trial court erred by permitting the state to exercise a peremptory challenge to strike a prospective juror on the basis of his race, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
>
> {¶13} "The Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). "The Constitution forbids striking even a single prospective juror for a discriminatory purpose." *Flowers v. Mississippi*, ⸺ U.S. ⸺ ⸺, 139 S.Ct. 2228, 2244, 204 L.Ed.2d 638 (2019).
>
> {¶14} *Batson* established a three-step process for evaluating claims of racial discrimination. *Id.* at 2241. First, the defendant must establish a prima facie case of discrimination, and if this burden is satisfied, the state must provide race-neutral reasons for its peremptory strikes. *Id.* at 2241. Third, the trial court must determine whether the defendant has proven the prosecutor's stated reasons were the actual reasons or instead were a pretext for discrimination. *Id.*
>
> {¶15} "The court must 'assess the plausibility of' the prosecutor's reason for striking the juror 'in light of all evidence with a bearing on it.'" *State v. Garrett*, Slip Opinion No. 2022-Ohio-4218, ¶ 69, quoting *Miller-El v. Dretke*, 545 U.S. 231, 252, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005). "Relevant factors may include 'the prosecutor's demeanor; by how reasonable, or how improbable, the explanations

5

are; and by whether the proffered rationale has some basis in accepted trial strategy." *Id.*, quoting *Miller-El v. Cockrell*, 537 U.S. 322, 339, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

{¶16} Since peremptory challenges often involve a juror's demeanor, the trial court's observations are of great importance in evaluating credibility. *Id.* at ¶ 70. We defer to the trial court's finding, and a finding of no discrimination will not be reversed unless it is clearly erroneous. *Id.*

{¶17} At trial, the prosecutor told the trial court that he removed Juror 22 because he seemed somewhat hesitant to convict based on testimonial evidence alone, the same reason that other jurors had been excused. This is a race-neutral explanation. Denson argues that the state's race-neutral explanation was a pretext to strike an African-American juror who expressed support of Denson because of their shared race. Thus the question is whether the state did, in fact, have a discriminatory motive for striking the juror.

{¶18} First, we defer to the trial court's finding because it is based on an evaluation of credibility regarding the juror's hesitancy to commit to convicting based on testimony alone. Reviewing the record, the facts support the state's explanation. Juror 22 admitted that it would be difficult for him to convict based on testimony alone and hard to be fair and impartial, especially because the case involved a black defendant. A guilty verdict would require choosing between a black defendant and "calling a young child a liar," which would be difficult for him.

{¶19} Additionally, the state used a peremptory challenge on Juror 16, a white, female juror who was also hesitant to accept the testimony of a child without the ability to question the child or hear additional evidence. Three additional white jurors were excluded for cause because they would require more than just testimony to find a person guilty.

{¶20} On this record, we cannot conclude that the trial court's determination that Denson failed to establish that the prosecutor had a discriminatory motive for striking the juror was clearly erroneous.

{¶21} Accordingly, we overrule the first assignment of error.

*State v. Denson, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a

6

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In deciding Petitioner's first assignment of error, the First District cited the relevant Supreme Court precedent, *Batson v. Kentucky*, 476 U.S. 79 (1986), which prohibits race-based peremptory challenges by a prosecutor.  A state criminal defendant can establish a *prima facie* case of purposeful racial discrimination in the selection of jurors solely by proof of peremptory challenges to exclude members of the defendant's race.  *Batson v. Kentucky*, 476 U.S. 79 (1986). The trial judge here accepted Denson's prima facie case and required the prosecutor to provide a race-neutral explanation.

Denson concedes that the prosecutor's explanations was race neutral, to wit, in a case where the direct evidence was only testimony from a minor victim, it was plausible that a prosecutor would be unwilling to accept a juror who could not convict on that sort of testimony alone.  Indeed, the trial judge accepted challenges for cause as to prospective jurors who expressed more doubt than Juror 22.

Petitioner offers no reason why the First District's decision is in error.  Hesitance about accepting the direct testimony of a minor victim as sufficient for conviction in a sexual abuse case is not known to be characteristic of African-Americans.  Here the prosecutor did not have to

conjure up that excuse after being challenged because Juror 22 had expressed his doubts before the peremptory challenge was exercised. On this record there is no basis for saying the First District unreasonably applied *Batson*. Petitioner's First Ground for Relief should be dismissed.

**Ground Two: Improper Bolstering of Victim's Credibility in Violation of Due Process**

In his Second Ground for Relief, Denson claims he was denied due process of law when the trial court allowed three witnesses to testify to bolster the victim's credibility. The three witnesses involved are the victim's mother, Tomika Hoskins; the victim's great aunt, Schante Williams; and Cincinnati Police Detective Dana Jones. At the time of the offense, Ms. Williams was babysitting the victim and was Denson's girlfriend.

Denson presented this claim on direct appeal and the First District decided it as follows:

> {¶22} In his second assignment of error, Denson asserts that the trial court deprived him of due process by allowing testimony from three witnesses that supported the veracity of the child witness. Specifically, Denson argues that the testimony of great-aunt, mother, and Jones improperly bolstered the victim's credibility.
>
> {¶23} Denson challenges the following testimony of great-aunt and mother:
>
>> Prosecutor: Now, you've known [the victim] obviously her whole life?
>> Great-aunt: Mm-hmm.
>> Prosecutor: Have you ever known her to lie?
>> Great-aunt: No, never.
>> Prosecutor: To your knowledge, has she ever told you a lie?
>> Great-aunt: No.
>> * * *
>> Prosecutor: Has [S.P.] ever made any kind of accusations like this before?
>> Mother: Never.
>> Prosecutor: You've obviously known her her whole life?
>> Mother: Yes.

8

> Prosecutor: And in terms of telling lies, what can you tell us?
> Mother: That doesn't fit her description.
> Prosecutor: Have you ever known her to lie?
> Mother: Yes, but she tells on herself.

Denson also contends that Jones improperly bolstered S.P. by testifying that the victim's ability to demonstrate how Denson made her touch him and her consistency in reporting the allegations "lead to her credibility as a child."

{¶24} Denson did not object to the testimony, so we review for plain error. *See* Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). The burden is on the defendant to show a violation of his substantial rights. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990).

{¶25} In general, a witness may not testify as to the veracity of the statements of a child victim because it is the fact-finder who bears the burden of assessing the credibility and veracity of the witness. *State v. Huff*, 145 Ohio App.3d 555, 561, 763 N.E.2d 695 (1st Dist.2001). In *State v. Boston*, the Ohio Supreme Court held that witness testimony expressing an opinion that the child victim's allegations were truthful was improper "bolstering evidence." *State v. Boston*, 46 Ohio St.3d 108, 129, 545 N.E.2d 1220 (1989). However, "only statements that directly support the veracity of the witness are prohibited." *State v. Cashin*, 10th Dist. Franklin No. CA2008-11-138, 2009 WL 4651395, 2009-Ohio-6419, ¶ 20. This distinction recognizes that, "indirect bolstering of a victim's credibility is not the same as the direct rendering of an opinion as to a victim's veracity that was involved in *Boston*." *Id.*

{¶26} In this case, none of the witnesses offered an opinion as to the truth of the sexual-abuse allegations against Denson. Great-aunt and mother were not asked whether they believed the allegations. [Cincinnati Police Detective Dana] Jones testified that the victim's consistency and ability to demonstrate how Denson made her touch him "lead to her credibility as a child." Jones did not offer an opinion on whether the allegations were truthful or whether the child had been abused. Although the testimony may have indirectly bolstered

the victim's credibility, the statements did not directly support the child's veracity. *See id.* at ¶ 20.

{¶27} Even if the testimony were improper, Denson did not establish that the error affected the outcome of the trial. Here, the victim testified and was subject to cross-examination. The jury was able to hear the victim's testimony, observe her demeanor, and judge her credibility independent of the other witnesses' testimony.

{¶28} We overrule the second assignment of error.

*State v. Denson, supra.*

As to Ms. Williams and Ms. Hoskins, Denson's second ground for relief is procedurally defaulted because his trial attorney did not object to their testimony and the First District therefore reviewed this assignment of error only for plain error. Applying *Maupin*, Ohio has a relevant procedural rule requiring contemporaneous objection to trial court error so that error can be corrected before it poisons the verdict. The First District enforced that rule by reviewing only for plain error. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001). Denson offers no excusing cause and prejudice for this procedural default.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.; *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). To avoid procedural default, a habeas petitioner must fairly present all of his habeas claims as constitutional claims to the state courts.

As to assignment of error two, it is arguable that Denson did not present it as a constitutional claim to the Ohio courts: his appellate brief cites only Ohio case law and makes the generalized claim of a "due process" violation. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Assuming this claim is preserved for merits review in this Court, Denson has not shown it is contrary to or an objectively unreasonable application of "clearly established federal law." In the habeas context, this phrase means the holdings of cases decided by the United States Supreme Court. No such case were cited in Denson's brief on appeal or by the First District in deciding this case. In particular, there can be no Confrontation Clause claim because the victim herself testified and was subject to cross-examination. *State v. Denson, supra,* at ¶ 27.

**Procedural Default as to the Entire Petition**

Aside from the defaults of particular issues, Respondent argues the entire Petition is

procedurally defaulted by Denson's failure to complete Ohio Supreme Court review by filing a memorandum in support of jurisdiction. To excuse that failure, Petitioner claims he could not complete the required memorandum "due to his placement in segregation where he was deprived of adequate opportunity to conduct research, drafting of his memorandum, and lacking funds for copies, envelopes, and postage." (Petition, ECF No. 1-1, PageID 13). Denson offers no corroboration of this claim. As far as research, he does not suggests why he could not rely on the appellate briefs already filed on his behalf. Nor does he offer any reasons why he did not present this claim to the Ohio Supreme Court to attempt to obtain more time to prepare the memorandum. In sum Denson has not proven excusing cause and prejudice to overcome his failure to file in the Ohio Supreme Court. In addition to being without merit, Denson's Petition should be dismissed for failure to complete review by the Ohio Supreme Court.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 12, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

12

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.